IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.

SADIA ALHASSAN
  a/k/a "Cindy"
  a/k/a "Ceebby"
SHAWN WILLIAM SMITH,
  and
MOHAMMED SAAMINU ZUBERU
  a/k/a "Samiu"
  a/k/a "Sammy"
_____/

SEALED INDICTMENT

4:24cr10-MW

THE GRAND JURY CHARGES:

COUNT ONE

A. THE CHARGE

Between on or about March 1, 2019, and on or about March 31, 2022, in the Northern District of Florida and elsewhere, the defendants,

SADIA ALHASSAN,
a/k/a "Cindy,"
a/k/a "Ceebby,"
SHAWN WILLIAM SMITH,
and
MOHAMMED SAAMINU ZUBERU,
a/k/a "Samiu,"
a/k/a "Sammy,"

did knowingly and willfully combine, conspire, confederate, and agree with each other and other persons to devise, and intend to devise, a scheme to defraud and for

obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme, to cause mail to be sent and delivered by the United States Postal Service and by a private and commercial interstate carrier, and to cause wire communications to be transmitted in interstate commerce for the purpose of executing such scheme, in violation of Title 18, United States Code, Sections 1341 and 1343.

## B. MANNER AND MEANS

The manner and means by which this conspiracy was committed included the following:

1. Defendants **SADIA ALHASSAN** and **SHAWN WILLIAM SMITH** jointly and independently operated multiple registered and unregistered businesses, including "I Am Cindy Enterprise," "Gundaa Enterprise," "Ocean Shippers," "Revolve Enterprise," and "Kutalim Global Holdings," (collectively hereinafter "The Businesses") or a variation of these business names.

2. Co-conspirators located in Ghana and elsewhere conducted scams by using telephone calls and electronic messages (such as email, text messaging, and online platforms, including dating websites) to deceive victims living throughout the United States, many of whom were vulnerable older men and women who often lived alone.

3. Once the co-conspirators had gained the trust of the victims, they used false pretenses, such as the promise of being paid back or receiving back a portion of an investment, to ask for money from the victims. They provided the victims with instructions on how to wire or mail the money, including recipient names, addresses, financial institutions, and account numbers. As a result of the fraud, the victims mailed cash and monetary instruments to defendants **SADIA ALHASSAN** and **SHAWN WILLIAM SMITH**, and transferred, deposited, and wired money into bank accounts that turned out to be controlled by **ALHASSAN** and **SMITH**.

4. Defendants **SADIA ALHASSAN** and **SHAWN WILLIAM SMITH** opened and used mailboxes at one or more The UPS Stores located in Tallahassee, Florida. These mailboxes were used to receive United States Postal Service (hereinafter "USPS") Priority Mail, USPS Priority Mail Express, United Parcel Service (hereinafter "UPS"), Federal Express (hereinafter "FedEx"), and DHL packages that contained U.S. currency, checks, and money orders from victims after they fell for the scams.

5. Defendant **MOHAMMED SAAMINU ZUBERU** communicated with defendants **SADIA ALHASSAN** and **SHAWN WILLIAM SMITH** through text messaging and communication applications, including WhatsApp, about the status of packages which contained proceeds of the scams.

6. Defendants **SADIA ALHASSAN** and **SHAWN WILLIAM SMITH** received victim monies by various means, including:

a. Wire transfers and deposits of cash and monetary instruments into bank accounts held by defendants **SADIA ALHASSAN** and **SHAWN WILLIAM SMITH**, and in the names of The Businesses;

b. Money orders, personal checks, and bank checks mailed and sent by private or commercial interstate carrier to the defendants **SADIA ALHASSAN** and **SHAWN WILLIAM SMITH** at one or more UPS store mailboxes in their names and in the names of The Businesses, and to their residence in Tallahassee, Florida;

c. Cash deposits directly into accounts held by **SADIA ALHASSAN** and **SHAWN WILLIAM SMITH** and in the names of The Businesses, and cash mailed and sent by private or commercial interstate carrier to the **ALHASSAN** and **SMITH** at one or more UPS store mailboxes in their names and in the names of The Businesses, and to their residence in Tallahassee, Florida.

7. Defendants **SADIA ALHASSAN** and **SHAWN WILLIAM SMITH** converted victims' money to their own use, including paying for domestic and international vacations, dining at restaurants, and expenses of daily living.

8. Additionally, defendants **SADIA ALHASSAN** and **SHAWN WILLIAM SMITH** sent victim money to bank accounts held and controlled by defendant **MOHAMMED SAAMINU ZUBERU** and other co-conspirators. They did this by converting victims' cash into money orders, and converting money orders and checks sent by the victims into cash, which was then used to purchase new money orders. These new money orders were then deposited into bank accounts in the names of defendant **ZUBERU** and others. Defendants **ALHASSAN** and **SMITH** also transferred and wired victims' funds to defendant **ZUBERU** and other unknown participants of the conspiracy in Ghana and elsewhere. This was all done in order to perpetuate the criminal conspiracy.

9. After receiving proceeds of the scams into their bank accounts, defendant **MOHAMMED SAAMINU ZUBERU** and other unknown participants in the conspiracy withdrew the money using automated teller machines ("ATMs") located in the country of Ghana and elsewhere, and purchased and reloaded stored value cards (also known as prepaid cards). **ZUBERU** and others also used the proceeds of the scams for their own purposes and not for the purposes claimed by the perpetrators of the scams when communicating with victims. Thus, the co-conspirators used the victims' money to continue the fraudulent scheme and to enrich themselves.

10. By this conduct, defendants **SADIA ALHASSAN, SHAWN WILLIAM SMITH,** and **MOHAMMED SAAMINU ZUBERU**, and others, fraudulently received more than $300,000 to which they were not entitled.

All in violation of Title 18, United States Code, Section 1349.

### COUNT TWO

Between on or about March 1, 2019, and on or about March 31, 2022, in the Northern District of Florida and elsewhere, the defendants,

**SADIA ALHASSAN,**
a/k/a "Cindy,"
a/k/a "Ceebby,"
**SHAWN WILLIAM SMITH,**
and
**MOHAMMED SAAMINU ZUBERU,**
a/k/a "Samiu,"
a/k/a "Sammy,"

did knowingly and willfully conduct, control, and direct all or part of a money transmitting business affecting interstate and foreign commerce in any manner or degree, which was operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable, and which involved the transportation and transmission of funds which were derived from a criminal offense or intended to be used to promote or support unlawful activity.

In violation of Title 18, United States Code, Sections 1960(a) and 2.

## CRIMINAL FORFEITURE

The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. From their engagement in the violations alleged in Counts One and Two of this Indictment, the defendants,

**SADIA ALHASSAN,**
a/k/a "Cindy,"
a/k/a "Ceebby,"
**SHAWN WILLIAM SMITH,**
and
**MOHAMMED SAAMINU ZUBERU,**
a/k/a "Samiu,"
a/k/a "Sammy,"

shall forfeit to the United States of America:

(A)    pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1349, any and all of the defendants' right, title, and interest in any property, real and personal, constituting and derived from proceeds traceable to such offense;

(B)    pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Sections 1957 and 1960, any and all of the defendants' right, title, and interest in any property,

real and personal, involved in such offenses, and any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

i. $13,660.00 in U.S. Currency seized from 1874 Nena Hills Drive, Tallahassee, FL 32304;

ii. $4,357.25 seized from Wells Fargo Bank account ending in 2654 held in the name of Ridwan Nasir;

iii. $611.08 seized from Wells Fargo Bank account ending in 5713 held in the name of Saad D. Alhassan and Zakia Sulemana; and

iv. $4,412.52 seized from Truist Bank account ending in 8482 held in the name of Sadia Alhassan.

If any of the property described above as being subject to forfeiture, as a result of acts or omissions of the defendants:

i. cannot be located upon the exercise of due diligence;

ii. has been transferred, sold to, or deposited with a third party;

iii. has been placed beyond the jurisdiction of this Court;

iv. has been substantially diminished in value; or

v. has been commingled with other property that cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL:

███████████████

FOREPERSON

April 2, 2024
DATE

JASON R. COODY
United States Attorney

JUSTIN M. KEEN
Assistant United States Attorney